[No. 4923.]

GREENWOOD ET AL. v. THE PEOPLE.

**Burglary—Information—Evidence—Variance.**

An information charging burglary by breaking and entering the banking house of a bank cannot be sustained by evidence which shows that the room used for banking purposes was not entered, but that the breaking and entry was into another room of the same building occupied as a law office, although the entire building was known as the bank building and was owned and controlled by the bank.

*Error to the District Court of Delta County:*
*Hon. Theron Stevens, Judge.*

Messrs. BELL & CATLIN, Mr. R. M. LOGAN, Mr. W. H. BURNETT and Messrs. GOUDY & TWITCHELL, for plaintiffs in error.

Mr. N. C. MILLER, attorney general, and Mr. W. R. RAMSEY, assistant attorney general, for the people.

Mr. JUSTICE BAILEY delivered the opinion of the court.

The information in this action charges that the defendants "did feloniously, willfully, maliciously and forcibly break and enter into the banking house then and there owned and occupied by The First National Bank of Delta, a corporation," etc.

The evidence shows that the building entered was known as The First National Bank building, owned and controlled by the bank. Upon the first floor there were two rooms occupied by Porter Plumb's law office. There was a closet in the rear

of Mr. Plumb's office which could be reached only by passing through his rooms.

The remaining part of the building on the first floor was used and occupied by The First National Bank for banking purposes.

In the second story of the building were rooms and offices occupied by tenants of the bank.

It is undisputed that the alleged burglary consisted in breaking into and entering Mr. Plumb's office, from there passing into the closet, then through a hole in the closet floor to the space beneath the floor, and the removing of some brick and mortar from the partition wall. The part of the building used for banking purposes was not entered.

Where a building is divided into apartments and one of the apartments is occupied by a bank and others by tenants for offices and other purposes, the entire building cannot be defined as a banking house. The breaking into and entering with felonious intent of any portion of a building not occupied by the bank for banking purposes cannot be said to be the breaking into and entering of a banking house.

The allegations of the information not having been proven, the trial court should have directed the jury to render a verdict of not guilty. The cause will therefore be reversed.      *Reversed.*

Chief Justice Gabbert and Mr. Justice Goddard concur.